**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Mayo Clinic, as Plan Sponsor, and Kristyn Mullin, as the fiduciary of the Mayo Clinic Health & Welfare Benefits Plan,

Plaintiffs,

v.

Victoria L. Turner,

Defendant.

Case No. 26-cv-1733-LMP-EMB

**REPORT AND RECOMMENDATION**

---

Plaintiffs filed their complaint (Dkt. No. 1) on March 4, 2026. The deadline to serve the Defendant with a summons and copy of the complaint expired on June 2, 2025. *See* Fed. R. Civ. P. 4(c), (m). On July 7, 2026, I ordered Plaintiffs to do one of three things: (1) file proof of timely service, (2) move for an extension of time to complete service, or (3) seek other appropriate relief. (Dkt. No. 6.) On July 20, Plaintiff then moved for an extension to complete service (Dkt. No. 7.) and stated the following in an affidavit (Dkt. No.8.):

- Plaintiffs were informed of non-service on Defendant in March 2026;
- Plaintiffs continued working “diligently” to locate Defendant;

- On or about July 9, 2026, Plaintiffs received new information regarding Defendant's location;
- Sometime before July 20, 2026, Plaintiffs sent the summons and complaint to a process server.

Soon after, on July 27, 2026, Plaintiffs filed proof that service occurred on July 23, 2026. (Dkt. No. 10.) I then denied Plaintiffs' motion for an extension without prejudice because the assertions in their affidavit were insufficient to establish good cause for failure to serve in accordance with Rule 4(m). (Dkt. No 11.) Since my order denying the motion was entered, the Defendant has not appeared in this action nor have Plaintiffs filed a renewed motion seeking to cure their service deficiencies. I now recommend this action be dismissed without prejudice for failure to serve Defendant in accordance with Rule 4(m).

Rule 4(m) requires a defendant be served "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(c), (m). Plaintiffs did not serve Defendant within 90 days—they served Defendant 141 days after filing their complaint. Without an exception, this violates Rule 4(m).

An exception to the 90-day service rule can be acquired in two ways. **First**, Plaintiffs could have sought relief from the 90-day requirement prescribed by Rule 4(m) by showing good cause or excusable neglect for their failure to serve. *See* Fed. R. Civ. P. 4(m) (requiring the court to extend service

deadline "if the plaintiff shows good cause"); *see also Colasante v. Wells Fargo Corp.*, 81 Fed. App'x. 611, 613 (8th Cir. 2003) (recognizing courts may grant a permissive extension upon a showing of excusable neglect). **Second**, the court may, on its own, "order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Neither of these exceptions apply. **First**, Plaintiffs' motion for an extension to complete service was denied for failure to show good cause or excusable neglect. Plaintiffs' conclusory statement that they were working "diligently" to locate Defendant was not substantiated by any factual statements proving such diligence during the 90-day service period. And Plaintiff's statement that they received new information regarding Defendant's location on July 9, 2026—acquired shortly after I issued an order to show cause and over a month after the service deadline expired—likewise does not establish good cause as it provides no explanation for why this information was inaccessible to Plaintiffs following their receipt of non-service in March and before the service deadline expired in June. *See Wilkinson v. U.S. Postal Service*, No. 07-4312, 2008 WL 4833090, at *3 (D. Minn. Nov. 4, 2008) ("Where a plaintiff waits until the eve of the deadline to commence service of process, *fails to provide a legitimate reason for the delay*, and service is ultimately untimely, it is not an abuse of discretion for a court to dismiss without prejudice for insufficient service.") (emphasis added).

**Second**, the court did not, on its own, enter an order allowing service outside the 90-day widow before Plaintiffs' untimely service of Defendant occurred on July 23, 2026.

To date, Plaintiffs' service remains deficient and this action cannot proceed. For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiffs' action be dismissed without prejudice to refile.

Date: September 1, 2026

*s/Elsa M. Bullard*
ELSA M. BULLARD
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).